## Graeff v. Keilman, Appellant.

*Deeds—Registration—Boroughs—Act of July 17, 1919, P. L. 1001 —Registration fee.*

Under the provisions of the Act of July 17, 1919, P. L. 1001, a borough, which has established a system for the registration of titles, has no authority to collect a fee of seventy-five cents on each title registered.

Argued December 5, 1927. Appeal No. 78, October T., 1927, by defendant from decree of C. P., Schuylkill County, No. 669, in the case of Charles Graeff v. Henry Keilman, Secretary of Town Council of the Borough of Tamaqua. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition for mandamus. Before KOCH, J.

The facts are stated in the opinion of the Superior Court.

The court granted the petition. Defendant appealed.

*Error assigned* was the decree of the court.

*J. O. Ulrich,* for appellant.

*D. J. Boyle,* and with him *R. J. Graeff,* for appellee.

OPINION BY TREXLER, J., March 2, 1928:

By the Act of Assembly of the 17th day of July, 1919, P. L. 1001, boroughs and incorporated towns

were authorized to establish systems for the registration of deeds and titles to real estate. In section 4, the duty is imposed on all owners of real estate within the limits of such municipality, within one month after the date of the approval of such ordinance, establishing such registry or within one month after acquiring title to furnish to the secretary or town clerk descriptions of property upon blanks to be furnished by the borough and to present the deed to be stamped. There is a penalty of five dollars provided for non-compliance with the act.

Following the authority given by the act, the Borough of Tamaqua enacted an ordinance which provided for all matters contained in the Act of Assembly, repeated verbatim the penalty clause and added a section. "Every owner of real estate shall, at the time of registering, pay the borough secretary the sum of seventy-five cents for each deed or other evidence of title registered."

Charles Graeff, the plaintiff in this case, presented to the borough secretary for registration three deeds for three separate properties which he owned and which were situated in the borough and otherwise complied with the ordinance except that he declined to pay the fee of seventy-five cents for registering each deed. The secretary refused to register said deeds and thereupon he presented his petition to the court asking for a mandamus, directing the secretary of the town council to show cause why he should not register said deeds without requiring the fee. In this petition, he in substance presents the facts above set forth and declares his interest in the controversy and that by reason of. the refusal of the town secretary to stamp his deeds, he is unable to have his deeds recorded in the Recorder's Office. The lower court took the view. that he was beneficially interested, that as stated the petitioner could not have his deeds recorded in the Re-

corder's Office; that without having his deeds recorded, he might lose his property; be unable to loan money upon it and that his rights would be prejudiced; and granted the writ of peremptory mandamus. It held that the ordinance passed by the Borough Council was illegal insofar that it required the fee of seventy-five cents.

The defendant has interjected a number of matters into the appeal, but the real issue is whether this provision of the act, requiring a fee of seventy-five cents, is legal.

When we turn to the Act of Assembly referred to above, we find that a duty is imposed on all owners to register their deeds upon blanks to be furnished by the boroughs in such boroughs and towns as have accepted the provision. The act carried its own penalty of five dollars for neglecting to comply with the provisions of its fourth section. There is no power given to the borough to change the penalty in the act or to enlarge the application of the section, neither is any authority given to the borough to require a fee from the owner of real estate who brings his deed to be registered.

The appellant argues that under the police power of the borough, it can pass an ordinance and impose penalties. The police power cannot be invoked in the present contention. The Legislature has seen fit to define the method of procedure where a town wishes to have a registry of deeds. Whatever police power is required, has been exercised by the Legislature. All the borough need do is to provide by the ordinance for the registration of ownership and every detail of carrying out the scheme is completely provided for in the act of assembly and it is not within the power of the borough to require anything more of the owner than is required in the act of assembly. It was not necessary to put a penal clause in the ordinance. That

was already provided by the act of assembly. The only function of the ordinance was to adopt the registry system. The ordinance puts the act into effect in the borough. If suit is brought for a failure to register a deed, the suit is for the penalty provided by the act and not under the penalty section of the ordinance which serves no useful purpose as the ordinance would be just as effective without it. To such a suit the proper defense would be that the defendant had furnished the description of his property and tendered his deed for registry. There is no duty imposed on him by the act to show a payment of a fee for the service of the town secretary.

The defendant argues that as a suit in equity brought by the same plaintiff to have the borough ordinance declared void was dismissed, that the present matter is res adjudicata. The judge, in his opinion in said case, took occasion to state that the provision "requiring persons presenting their deeds for registration to pay a registry fee of seventy-five cents is illegal because unauthorized either expressly or impliedly by the Act of 1919." The prayer was that the whole ordinance be declared void, not a part of it, and the court being of the opinion that the ordinance as a whole was not invalid, but only the part providing for a fee, dismissed the bill. It is neither law nor common sense to hold that the dismissal of the bill closes the door to the raising of the question of the illegality of the entry fee when the court expressly stated that he did not consider it legal.

The judgment of the lower court is affirmed.